TRANSIT HOMES, INC. and Elgin W. JONES *v.* John H. BELLAMY, Jr. and Grace BELLAMY

85-93                                                        701 S.W.2d 126

Supreme Court of Arkansas
Opinion delivered December 23, 1985

*Rieves & Mayton*, by: *Elton A. Rieves, IV*, for appellant.

*Daggett, Van Dover, Donovan & Cahoon*, by: *Jesse B. Daggett*, for appellee.

JAMES M. MCHANEY, SR., Special Justice. Appellant Erwin Jones (Jones) was a codefendant with Transit Homes, Inc. (Transit) in a personal injury suit brought by plaintiff-appellees in Lee County. After a verdict for appellees was reversed and remanded by this Court and appellants were awarded court costs of $7,935 for appellants' brief, record and filing fee, the appellants obtained a change of venue to St. Francis County. Defendant Transit then filed bankruptcy in South Carolina, and appellees were stayed from proceeding against Transit.

On September 18, 1984, appellees filed a second action against Jones in the United States District Court for the Eastern District of Arkansas, adding as a defendant the manufacturer of the mobile home by which appellee John Bellamy was allegedly injured. The stay relating to Transit was lifted by the bankruptcy court, effective October 5, 1984. On that day appellees nonsuited against both defendants in the state court case and added Transit as a defendant in the federal court case.

Appellants then filed a motion in the nonsuited state court case, seeking recovery of attorneys fees and expenses incurred between June 6, 1984, and October 5, 1984, on the theory that those expenses were for work which would be useless in the federal court case, were incurred without notice to the defendants of the filing of the federal case, and were therefore recoverable under ARCP Rule 41(d). The aggregate amount claimed was $26,992.50 for attorneys' fees and $7,681.40 for travel expenses, telephone calls, and other miscellaneous costs. The trial court held that it was not the proper forum to decide the issue since Rule

41(d) contemplates consideration of that issue by the court in which the second case was filed, here the federal court. We affirm.

■ The lower court's decision in refusing to assess the claimed expenses after appellees' nonsuit of the state court action and the filing of the complaint in federal court was correct. The state court simply no longer had jurisdiction. ARCP Rule 41(a) provides that plaintiff may nonsuit at any time before submission of the case to the jury or court. ARCP Rule 41(d) (Costs of Previously Dismissed Action) provides as follows:

> "If a plaintiff who has once dismissed an action . . . commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

■ This language makes clear that "the court" is that court in which the second action has been filed and it is that court which "may make such order for the payment of costs of the action previously dismissed . . . and . . . may stay the proceedings".

. The court in the first action has no authority under Rule 41(d), once the second action is filed, to do anything in respect to ordering the payment of costs or to stay proceedings in the second action. It no longer has jurisdiction. Only the court in which the second action is pending, here the federal court, has jurisdiction to make such orders. See *Gregory* v. *Dimoch*, 286 F.(2d) 717 (C.A.2, 1961); *Activox, Inc.* v. *Envirotech Corp.*, 532 F. Supp. 248 (S.D.N.Y., 1981).

The trial court went on to hold that the attorneys' fees claimed by appellants are not allowable under Arkansas law except as specifically authorized by statute and denied any award to appellants. *Brady* v. *Alken*, 273 Ark. 147, 617 S.W.2d 358 (1981). We need not reach this issue, since the federal court has jurisdiction.

Affirmed.

Special Justice Kathryn Graves joins in the opinion.

490

HICKMAN, PURTLE, and NEWBERN, JJ., not participating.