Nancy DeVINEY *v.* STATE of Arkansas

CR 89-25                                     772 S.W.2d 607

Supreme Court of Arkansas
Opinion delivered July 10, 1989

*The Madden Law Firm,* by: *Jean M. Madden,* for appellant.

*Steve Clark,* Att'y Gen., by: *Kay J. Jackson Demailly,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. The issue on appeal is whether the

trial court abused its discretion in denying appellant's motion to extend the initial time within which an appeal be lodged and docketed in the Supreme Court or the Court of Appeals. Finding no abuse of discretion, we affirm the order appealed from.

Appellant, Nancy DeViney, filed a petition for post-conviction relief under A.R.Cr.P. Rule 37 following her conviction of second degree murder. She alleged that defense counsel was ineffective. The trial court found that appellant had effective representation and denied the motion. On June 3, 1988, appellant filed a timely notice of appeal.

The facts are not in dispute. On August 31, 1988, the next to the last day of the ninety days allowed for lodging the record on appeal, appellant moved for an extension of time for the preparation of the transcript by the court reporter. The trial court heard the matter and held that because appellant had failed to comply with the trial court's policies relating to the preparation of transcripts for appeal and payment thereof, the motion for an extension of time should be denied. The trial court made specific findings, which are not challenged: That on June 9, 1988, the court reporter wrote to counsel for the appellant to state that, as requested, she had estimated the cost of the transcript to be $279, which amount "must be deposited with me when the transcript is ordered." The letter also stated she would probably need the full seven months from the date of the order appealed from. There was no response to this letter.

On July 5, the court reporter wrote a second letter to counsel for the appellant, restating the substance of the June 9 letter and asking if the appeal were being abandoned. There was no response to this letter.

On July 25, 1988, the court reporter again contacted counsel for the appellant, this time by telephone, reminding counsel of her earlier letters. Neither the court nor the court reporter received any communication from counsel or appellant until August 31, when the $279 estimate was tendered and the motion for an extension was filed.

We have held that extensions of time for lodging the record on appeal are matters within the discretion of the trial court. *Henderson Methodist Church v. Sewer Impr. Dist. No.*

*142,* 294 Ark. 188, 741 S.W.2d 272 (1987); *Harper* v. *Pearson,* 262 Ark. 294, 556 S.W.2d 142 (1977). We have also held that, except for the timely filing of notice of appeal and lodging of the record, both of which are jurisdictional, the remaining steps of the appeal process require substantial, rather than strict, compliance. *Johnson* v. *Carpenter,* 290 Ark. 255, 718 S.W.2d 434 (1986).

We find nothing in this record to indicate that appellant ever specifically ordered the transcript. It is clear from the June 5 letter that the court reporter was proceeding on the assumption that the transcript had not yet been ordered. Counsel for appellant did nothing to correct that assumption, nor did appellant challenge that position either before the trial court or this court. Therefore, we view the record in light of that undisputed evidence.

■■ The notice of appeal states only that appellant does "hereby serve notice" upon the court, clerk and court reporter of "her desire to appeal" and "requests that the clerk and reporter take action to prepare the proper documents and transcript for submission on appeal within the proper legal time limit." That language falls short of compliance with Ark. R. App. P. 3(e), requiring that the notice of appeal "*shall* also contain a statement that the transcript, or specific portions thereof, *have been ordered* by the appellant." (Our emphasis.) Had the appellant actually ordered the transcript, the equivocal wording of the notice of appeal would not be fatal to the appeal. *Phillips* v. *LaValle,* 293 Ark. 364, 737 S.W.2d 652 (1987). However, when such equivocal language is coupled with a similar uncertainty in the matter of ordering the transcript, then we are compelled to the conclusion that substantial compliance with Rule 3(e) is lacking. *See McElroy* v. *American Medical Int'l, Inc.,* 297 Ark. 527, 763 S.W.2d 89 (1989). That being so, it follows that the trial court's discretion was not abused, at least where, as here, the appellant offers no explanation for a failure to move diligently in the appeal process. The amendment to Rule 3(e) was intended to require the appellant to specifically order the transcript, and the mere recitation in the notice of appeal that appellant "hereby requests" court officials to take appropriate action is not the definitive act contemplated by the provision.

In view of the absence of a specific order for the transcript, the failure to respond to repeated inquiries by the court reporter, and the continued inaction until the eve of the deadline for filing the appeal, we cannot say the trial court's discretion was abused by refusing to extend the time. The purpose behind the rules of appellate procedure is to expedite appeals, not to delay them.

AFFIRMED.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Although the trial court may have been following our precedent in *Henderson Methodist Church* v. *Sewer Improvement District No. 142*, 294 Ark. 488, 741 S.W.2d 272 (1987), I am still of the opinion that the appellant should have been granted an extension. The court reporter informed the appellant in the beginning that she could not complete the record within 90 days. Not a single soul would have been harmed by the granting of an extension, while the lack of appellate review may have meant that justice, in this instance, did not prevail. The majority opinion exemplifies the tendency of this court to indulge its penchant for a technical application of the law.