OZARK ACOUSTICAL CONTRACTORS, INC., et al. *v.*
NATIONAL BANK OF COMMERCE OF MEMPHIS,
TENNESSEE

CA 89-522                                                786 S.W.2d 813

Supreme Court of Arkansas
Opinion delivered February 26, 1990

*John B. Thurman,* for appellants.

*Wright, Lindsey & Jennings,* by: *David M. Powell* and
*Roger D. Rowe,* for appellee.

PER CURIAM. Ozark Acoustical Contractors, Inc. (Ozark),
Conrade Electric Co., Inc. (Conrade), Ketcher & Co., Inc.
(Ketcher), and Southwest Interiors, Inc. (Southwest), have
appealed from a decision giving a mortgage lien held by the
appellee, National Bank of Commerce of Memphis, Tennessee,
priority over their materialman's liens. The bank moves to
dismiss the appeal on the ground that the notices of appeal filed by

the appellants were untimely. We find that the notices of Ozark and Conrade were timely but that the notices of Ketcher and Southwest were not, thus the motion is granted as to the appeals of Ketcher and Southwest but not as to the appeals of Ozark and Conrade.

On March 27, 1989, the trial court entered its order establishing the priorities among the parties. Ketcher and Ozark moved to set the order aside because they had not received notice of it. The motion was granted on May 23, 1989, and the court reentered its order on June 5, 1989.

On June 30, 1989, Ozark and Conrade filed a notice of appeal. Ketcher and Southwest were not named as appellants, but on July 19 and 20, 1989, they moved to amend the notice of appeal by adding their names as appellants. On July 26, 1989, the trial court granted the motion to amend the notice of appeal.

Arkansas R. App. P. 4(a) permits the trial court to increase the time for filing a notice of appeal if it is shown that the would be appellant did not receive notice of the judgment or order to be appealed. Instead of permitting the increase in time, the trial court vacated its original order and reentered it at a later date. A trial court may set aside its judgment within 90 days of its having been filed with the clerk in order to "prevent the miscarriage of justice." Ark. R. Civ. P. 60(b).

The bank argues that the appeal of Ozark and Conrade was untimely because it should have been filed within 30 days of the March 27 order. That might be true if the trial court had extended the time for Ketcher and Southwest to file their notice or notices of appeal, but that action would presumably have had no affect on the judgment with respect to Ozark and Conrade. However, the trial court chose a different route. The final order as to all parties was entered June 5, thus the June 30 notice by Ozark and Conrade was timely.

Unfortunately for Ketcher and Southwest, their failure to file within thirty days of the June 5 order was fatal to their appeal. While it is proper for two or more parties to file a joint or consolidated appeal, Ark. R. App. P. 3(c), the notice of appeal must "specify the party or parties taking the appeal. . . ." Ark. R. App. P. 3(e).

■ We hold that Ozark and Conrade filed a timely notice of appeal from the final order. We dismiss the appeal as to Ketcher and Southwest, however, because they did not file a timely notice which is required for this court to take jurisdiction of an appeal. *LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980).

GLAZE, J., not participating.