2009 Ark. 262

**Fred E. EGGESTEIN, Appellant,**

v.

**Shirley A. EGGESTEIN, Appellee.**

**No. 09–403.**

Supreme Court of Arkansas.

May 7, 2009.

---

Rebecca Hass, for appellant.

Glenn Lovett, Jr., Jonesboro, for appellee.

PER CURIAM.

Appellant Fred Eggestein has filed with this court a petition for a writ of certiorari to complete the record. Mr. Eggestein and his wife, Shirley Eggestein, were divorced by decree entered on September 18, 2008. Mr. Eggestein filed a timely notice of appeal on October 17, 2008. In his notice of appeal, he asserted that the transcript and record had been ordered from the court reporter, Joyce King, and certified that he had "made financial arrangements required by the court reporter." On January 13, 2009, two days before the record was due to be lodged with this court, Mr. Eggestein filed a motion for extension of time to file the record. The circuit court granted Mr. Eggestein's motion on January 14, 2009, extending the time until April 15, 2009. On April 14, 2009, Mr. Eggestein filed the instant petition for writ of certiorari to complete the record, stating that he had been informed by the court reporter that she would not be able to complete the record on time.

Mrs. Eggestein filed a response to Mr. Eggestein's petition on April 22, 2009, to which she attached an affidavit from the court reporter, Joyce King. Ms. King averred that she received a phone call from Mr. Eggestein's attorney, Rebecca Hass, in early October 2008 wherein Ms. Hass said she was "considering filing an appeal" on Mr. Eggestein's behalf. Ms. Hass inquired about the length of the transcript and asked what financial arrangements would be necessary; Ms. King replied that the transcript would require a deposit of $1500.00. Ms. Hass said that she would call her back.

Later in October, Ms. King received a call from Mrs. Eggestein's attorney, Glenn Lovett, who said that he had received a notice of appeal and asked whether the necessary financial arrangements had been made. Ms. King said that she had not received a copy of the notice of appeal, and no financial arrangements had been made.

By December 3, 2008, Ms. King had still not heard from Ms. Hass, so Ms. King wrote a letter to Ms. Hass advising that she still had not received either a copy of the notice of appeal or the required deposit. Ms. Hass called Ms. King in January 2009 to say that she intended to file a motion for extension of time to lodge the record and that she had mailed a check for the deposit. Ms. King did not receive the check, which was for $2000.00, until January 14, 2009; on that same date, the circuit court told Ms. King that the motion for extension of time had been granted. The court also informed Ms. King that the parties were discussing mediation and that the transcript might not be needed.

Ms. King wrote to Ms. Hass on January 19, 2009, confirming receipt of the check and asking Ms. Hass to inform Ms. King "*immediately*" (emphasis in original) whether or not the transcript was needed. Ms. Hass did not answer the letter. Ms. King again wrote to Ms. Hass on February 16, 2009, specifically requesting a status report on the need for the transcript. Receiving no reply, Ms. King sent another letter to Ms. Hass on March 25, 2009, reminding Ms. Hass that the record was due on April 15, 2009, and asking counsel to contact her "as soon as possible."

Ms. Hass finally replied to Ms. King in a letter dated April 1, 2009, in which Ms. Hass asked Ms. King to "[p]lease complete the transcript as planned for the appeal." Ms. King responded by informing Ms. Hass that there was "no way" that she could complete the transcript by April 15.

In her affidavit, Ms. King states that, had she been informed of the filing of the notice of appeal and received the deposit in October, she likely could have completed the transcript within ninety days. Moreover, she states that, if Ms. Hass had told her even as late as mid-March that the transcript was needed, she still could have prepared it on time. However, because she received no responses, she did not know that Ms. Hass wanted the transcript until she received her letter on April 4, 2009.

Under Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil, a notice of appeal must "contain a statement that the appellant has ordered the transcript . . . and has made any financial arrangements required by the court reporter pursuant to Ark.Code Ann. § 16–13–510(c)." Here, although Mr. Eggestein's notice of appeal contains the required statements, the affidavit of Ms. King indicates that counsel failed to follow through on these statements with the necessary actions.

This court has noted that the procedural steps outlined in Rule 3(e) require only substantial compliance, provided that the appellee has not been prejudiced by the failure to comply strictly with the rule. *See Rogers v. Tudor Ins. Co.*, 325 Ark. 226, 925 S.W.2d 395 (1996). However, both this court and the court of appeals have also held that there is no substantial compliance when the transcript is not actually ordered or when the notice of appeal declares that the transcript has been ordered when, in fact, it has not been. *See McElroy v. Am. Med. Int'l, Inc.*, 297 Ark. 527, 763 S.W.2d 89 (1989); *Hudson v. Hudson*, 277 Ark. 183, 641 S.W.2d 1 (1982); *Shamlin v. Quadrangle Enters.*, 101 Ark.App. 164, 272 S.W.3d 128 (2008). Here, the transcript was eventually ordered and financial arrangements were made in conjunction with a motion for extension of time to lodge the record. Mrs. Eggestein contends, however, that a writ of certiorari should not be granted where the petitioner is responsible for the delay in obtaining the transcript.

The case of *DeViney v. State*, 299 Ark. 471, 772 S.W.2d 607 (1989), is instructive. There, appellant DeViney filed a notice of appeal from the circuit court's denial of her motion for postconviction relief pursuant to Ark. R.Crim. P. 37. In her notice of appeal, DeViney stated that she had served notice on the court reporter that she desired to appeal and asked the court reporter to prepare the proper documents and transcript. The day before the record was due, DeViney sought an extension of time from the circuit court; however, the court denied her motion, finding that she had not complied with Rule 3(e). *DeViney*, 299 Ark. at 472, 772 S.W.2d at 608. In its order denying the motion, the circuit court found that the court reporter had written to DeViney on June 9, six days after the notice of appeal had been filed, to

inform her that the transcript would cost $279.00. DeViney did not respond, and the court reporter wrote to her again on July 5 to ask whether the appeal was being abandoned. Again, there was no response, and the court reporter contacted DeViney by telephone on July 25. However, neither the court reporter nor the court received any communication from DeViney regarding the transcript until she tendered the $279.00 and filed her motion for extension of time. *Id.*

In affirming the circuit court's refusal to extend the time for lodging the record, this court cited DeViney's failure to comply with Rule 3(e). Noting that the "equivocal" language of her notice of appeal had been coupled with a failure to actually order the transcript, this court concluded that DeViney had not substantially complied with the rule:

> In view of the absence of a specific order for the transcript, the failure to respond to repeated inquiries by the court reporter, and the continued inaction until the eve of the deadline for filing the appeal, we cannot say the trial court's discretion was abused by refusing to extend the time. The purpose behind the rules of appellate procedure is to expedite appeals, not to delay them.

*Id.* at 474, 772 S.W.2d at 609.

Here, while the notice of appeal filed by Ms. Hass states that she had ordered the transcript, it is apparent that she failed to provide the court reporter with a copy of the notice of appeal or otherwise inform Ms. King that she needed the transcript until just before the original deadline to lodge the record. Thereafter, Ms. Hass was not diligent in communicating with the court reporter. Moreover, we find unpersuasive Ms. Hass's argument that she understood Ms. King's January 19, 2009 letter to mean that Ms. King only needed word if Ms. Hass did *not* want the transcript. In that letter, Ms. King stated that the judge had told her that Ms. Hass and Mr. Lovett "plan to make a decision of whether or not to go before a mediator and a transcript may not be necessary. I need you to let me know *immediately* if that is the case." Any reasonable person would take this to mean that the court reporter needed the information one way or the other, not only if the transcript was not needed.

Accordingly, we conclude that the failure to lodge the record was due to Ms. Hass's dilatory actions, and we therefore deny the petition for writ of certiorari to complete the record and refer her to the Supreme Court Committee on Professional Conduct. Moreover, because the record was due to be lodged with this court on April 15, 2009, and that has not been accomplished, we grant Ms. Eggestein's motion to dismiss the appeal. *See Hickson v. Ark. Dep't of Human Servs.*, 357 Ark. 577, 182 S.W.3d 483 (2004) (per curiam) (the timely filing of the record on appeal is a jurisdictional requirement to perfecting an appeal).