2011 Ark. 207

**Kojleb KESAI, Appellant,**

**v.**

**William G. ALMAND, Special Administrator of the Estate of Ricky Stephens, Deceased, Appellee.**

**No. 10–1185.**

Supreme Court of Arkansas.

May 12, 2011.

Ken Swindle, Bentonville, for appellant.

No response.

DONALD L. CORBIN, Justice.

Appellant Kojleb Kesai appeals the orders of the Washington County Circuit Court entered August 24 and 25, 2010, assessing certain costs associated with a trial in which Appellant took a voluntary dismissal pursuant to Rule 41 of the Arkansas Rules of Civil Procedure. Jurisdiction of this appeal is properly in this court pursuant to Arkansas Supreme Court Rule 1–2(b)(6) (2010), as an appeal requiring our interpretation of a court rule, specifically Rule 41(d). We conclude that the circuit court erred in awarding costs prematurely, and reverse and dismiss without prejudice.

The record in this case reveals the following course of events. Appellant filed a complaint for damages arising from an automobile accident. Approximately two years later, the case was set for a jury trial. Counsel for both sides announced to the circuit court they were ready for trial, and a Washington County jury was impaneled, selected, and sworn. The jury was then excused for lunch while counsel discussed with the circuit court their motions regarding evidentiary matters. The circuit court then reconvened after the lunch recess, and outside of the presence of the jury, Appellant's counsel, Mr. Ken Swindle, stated, "[p]ursuant to Rule 41, of the Arkansas Rules of Civil Procedure ... Plaintiff moves to use his first voluntary dismissal in this case." In response, the circuit court stated, "I am going to tell you that if you choose to nonsuit the case, I am going to charge you for the cost of the jury and for the interpreter and for [opposing counsel's] legal fees, if she applies for them."

Counsel and the circuit court then discussed various expenses and fees that had been incurred thus far, and Appellant's counsel stated, "whatever is taxable, under Rule 41. I understand that *when the action is refiled* that has to be taken care of before the case moves forward. I understand that." (Emphasis added.) The circuit court then replied, "regardless of whether you bring this again, I am going to charge you for the cost of the jury."

After further discussion concerning the per diem payment to the jurors and the expense of the jury's lunch, the circuit court stated to Appellant's counsel, "I am going to charge you for everything that's taxable under that rule." Appellant's counsel then asked, "[A]re you charging the Plaintiff or charging me, Ken Swindle?" The circuit court then answered, "[T]echnically, I suppose it goes to your client. Although, that hardly seems fair, but he's your client."

■ The same day that Appellant took his nonsuit, on August 24, 2010, the circuit court entered an order assessing against Appellant the costs for the interpreter and for the jury's attendance and lunch in the amounts of $500, $1,359.80, and $214.13 respectively. The |₃following day, the circuit court entered an amended order substituting Appellant's counsel, Mr. Swindle, as the person who was assessed the costs and ordered to pay.[1] A few days later, the circuit court entered an order granting the voluntary dismissal without prejudice. Then, on September 2, 2010, the circuit court entered an order granting Appellant's request to stay the payment of costs pending appeal, and clarifying that the August 24, 2010 order assessing costs against Appellant was nullified by the August 25, 2010 order assessing costs against Appellant's counsel, Mr. Swindle.

This appeal followed. For reversal, Appellant first contends that the circuit court erred in assessing costs prior to the refiling of the case. Appellant further contends that the costs assessed by the circuit court were outside those provided for in Rule 54(d)(2) of the Arkansas Rules of Civil Procedure. No response brief has been filed in this court.

■ Generally speaking, an award of costs is within the sound discretion of the circuit court. *Pope v. Overton*, 2011 Ark. 11, 376 S.W.3d 400. However, when this court must construe a court rule, the appellate review is de novo. *Id.* When we construe a court rule, we use the same means and canons of construction that we use to interpret statutes. *Id.* The first rule in considering the meaning and effect of a statute or rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language; when the |₄language is plain and unambiguous, there is no need to resort to rules of statutory construction. *Nat'l Front Page, LLC v. State ex rel. Pryor*, 350 Ark. 286, 86 S.W.3d 848 (2002).

Turning now to the court rule at issue in the present case, we note that Rule 41(d) provides as follows:

> (d) *Costs of Previously Dismissed Action.* If a plaintiff who has once dismissed an action, or who has suffered an involuntary dismissal in any court, commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may

---

1. Appellant's counsel, Ken Swindle, has a pecuniary interest in the order assessing costs against him personally. He therefore has standing to appeal as a nonparty. *See Swindle v. Benton County Circuit Court*, 363 Ark. 118, 211 S.W.3d 522 (2005), *cited with approval in Aikens v. State*, 368 Ark. 641, 249 S.W.3d 788 (2007).

deem proper and may stay the proceedings in the action until the plaintiff has complied with the order. For purposes of this rule, the term "costs" means those items taxable as costs under Rule 54(d)(2).

Ark. R. Civ. P. 41(d) (2010). Appellant argues that Rule 41 provides that no costs can be assessed until there has been a refiling of the same suit. Stated another way, Appellant argues that the rule limits a court's ability to assess costs to situations where there has been a refiling, and in such a situation it is only the court in which the second action has be refiled that has the ability to assess the costs.

This court was previously called upon to interpret Rule 41(d) in *Transit Homes, Inc. v. Bellamy*, 287 Ark. 487, 701 S.W.2d 126 (1985), a case where there had been a nonsuit in state court and then a refiling of the same suit in federal court. When interpreting the language of Rule 41(d), this court stated the following:

> This language makes clear that "the court" is that court in which the second action has been filed and it is that court which "may make such order for the payment of costs of the action previously dismissed ... *and* ... may stay the proceedings."

> The court in the first action has no authority under Rule 41(d), once the second action is filed, to do anything in respect to ordering the payment of costs or to stay proceedings in the second action. It no longer has jurisdiction. Only the court in which the second action is pending, here the federal court, has jurisdiction to make such orders.

*Id.* at 489, 701 S.W.2d at 127.

Based upon our interpretation of Rule 41(d) in *Transit Homes*, we agree with Appellant that the timing of the circuit court's assessment of costs in the present case was premature and therefore in error. The language of Rule 41(d) is clear that "[i]f a plaintiff ... commences an action based upon or including the same claim against the same defendant, the court may ... order ... the payment of costs of the action previously dismissed as it may deem proper." Thus, according to the plain language of Rule 41(d), the refiling of the same suit or the "commence[ment] ... [of] the same claim against the same defendant" is a condition precedent to a court's authority to order the payment of costs associated with the "the action previously dismissed." Our conclusion in this regard is consistent with our conclusion in *Transit Homes* that it is the court in which the second action is pending that has the authority to order the payment of costs of the action previously dismissed.

The circuit court in the present case ordered the payment of costs on the same day the first nonsuit was entered. There had been no showing that Appellant had commenced the same claim against the same defendant. The circuit court therefore erred in ordering the payment of costs prior to the refiling of the suit. Accordingly, we reverse and dismiss without prejudice the order assessing costs to Appellant's attorney.

Because there has been no showing that Appellant has refiled his case, there is no court with authority to assess any costs associated with the nonsuit, and we need not address Appellant's further contention that the circuit court erred in awarding costs outside those provided for in Rule 54(d)(2). *See Transit Homes*, 287 Ark. 487, 701 S.W.2d 126.

Reversed and dismissed without prejudice.

HENRY, J., dissents.

COURTNEY HUDSON HENRY, Justice, dissenting.

The issues raised in this appeal are procedurally barred due to the absence of an effective notice of appeal. As a result, the appeal must be dismissed, and I respectfully dissent from the majority's decision to consider the merits of this case despite a fatal defect in the notice of appeal.

Attorney Ken Swindle purports to appeal from an order entered by the Washington County Circuit Court assessing costs personally and solely against Swindle following the taking of a voluntary nonsuit by Swindle's client, Kojleb Kesai, who had filed a claim for personal injury. The initial notice of appeal and the two amended notices of appeal uniformly and quite clearly state that the appealing party is the "Plaintiff," i.e., Mr. Kesai. Swindle himself did not file a notice of appeal from the order requiring him to pay costs.

Rule 3(e) of the Arkansas Rules of Appellate Procedure—Civil provides in part as follows:

> (e) *Content of notice of appeal or cross-appeal.* A notice of appeal or cross-appeal shall specify the party or parties taking the appeal; shall designate the judgment, decree, order or part thereof appealed from and shall designate the contents of the record on appeal. The notice shall also contain a statement that the appellant has ordered the transcript, or specific portions thereof, if oral testimony or proceedings are designated, and has made any financial arrangements required by the court reporter pursuant to Ark.Code Ann. § 16–13–510(c).

We have recognized that a notice of appeal must be "judged by what it recites and not what it was intended to recite." *Thelman v. State,* 375 Ark. 116, 119, 289 S.W.3d 76, 78 (2008) (citing *Ark. Dep't of Human Servs. v. Shipman,* 25 Ark.App. 247, 253,

756 S.W.2d 930, 933 (1988)). This court has also noted that the procedural steps outlined in Rule 3(e) require only substantial compliance, provided that the appellee has not been prejudiced by the failure to comply strictly with the rule. *Rogers v. Tudor Ins. Co.,* 325 Ark. 226, 925 S.W.2d 395 (1996). However, we have held that a notice of appeal is fatally defective where there is no compliance at all with the procedural requirements of the rule. *See, e.g., Lindsey v. Green,* 2010 Ark. 118, 369 S.W.3d 1; *Hodges v. Direct Nat'l Ins. Co.,* 2009 Ark. 570, 2009 WL 3788812 (per curiam); *Eggestein v. Eggestein,* 2009 Ark. 262, 308 S.W.3d 144; *McElroy v. American Med. Int'l, Inc.,* 297 Ark. 527, 763 S.W.2d 89 (1989); *Hudson v. Hudson,* 277 Ark. 183, 641 S.W.2d 1 (1982).

Such was the case in *Shipman, supra.* There, the trial court summarily held three employees of the Arkansas Department of Human Services (DHS) in criminal contempt of court. The notice of appeal identified DHS as the appealing party, but it contained no reference to the three employees. Our court of appeals concluded that it could not address the employees' challenge to the contempt order because they had not filed a notice of appeal in their own right. In so holding, the court of appeals stated that a notice of appeal "must state the parties appealing and ... persons not named as parties to the notice ... are not properly before the appellate court." *Id.* at 253, 756 S.W.2d at 933. Following that decision, this court allowed the employees to pursue a belated appeal, and in reversing the contempt order, we commented that "the court of appeals properly declined to review" the contempt citations because the employees "were not parties to the appeal." *Lilly v. Earl,* 299 Ark. 103, 108, 771 S.W.2d 277, 280 (1989).

Likewise, in *Ozark Acoustical Contractors, Inc. v. Nat'l Bank of Commerce,* 301

Ark. 472, 786 S.W.2d 813 (1990), we noted the requirement of Rule 3(e) that a notice of appeal must "specify the party or parties taking the appeal" and dismissed the appeal of two parties who had not joined in the timely notice of appeal filed by other parties and who had not filed a timely notice of appeal of their own. Similarly, we declined to address the arguments of a party where the record did not show that he had filed a notice of appeal and where he did not join in the notice of appeal filed by another appealing party. *Binns v. Heck*, 322 Ark. 277, 908 S.W.2d 328 (1995). Finally, in *Henry v. Eberhard*, 309 Ark. 336, 832 S.W.2d 467 (1992), the trial court held several DHS employees in contempt. On appeal, the employees challenged the contempt finding and also argued that the trial court erroneously vacated a restraining order. Citing *Shipman, supra*, we held that the restraining-order issue was procedurally barred because DHS, the party aggrieved by the dissolution of the restraining order, was not listed as a party in the notice of appeal.

Only a party aggrieved by the court's order can appeal that order. *Springdale Sch. Dist. No. 50 v. The Evans Law Firm, P.A.*, 360 Ark. 279, 200 S.W.3d 917 (2005). Unquestionably, Swindle possesses standing to appeal the order imposing costs against him, as he is the only aggrieved person whose pecuniary interest was affected by the circuit court's order. *See Swindle v. Benton County Circuit Court*, 363 Ark. 118, 211 S.W.3d 522 (2005). The problem, however, is that Swindle did not file a notice of appeal. Whether an appellant has filed an effective notice of appeal is always an issue before the appellate court, and absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *Lindsey, supra*. In light of Rule 3(e) and the above-mentioned authorities, Swindle's failure to file a notice of appeal is fatal to the appeal. We should dismiss this case under these clear precedents rather than entertain the arguments for reversal. Therefore, I dissent.