2011 Ark. 279

**David CLARK, Appellant**

v.

**The ARKANSAS GAME AND FISH COMMISSION and Scott Henderson in his Capacity as its Director, Appellees.**

No. 10–1182.

Supreme Court of Arkansas.

June 23, 2011.

T. David Carruth, Claredon, for appellant.

Thus, the notice of appeal filed June 25, 2010, would still have been untimely.

James F. Goodhart, Robert K. Jackson, and John P. Marks, Arkansas Game and Fish Com'n, Little Rock, for appellee.

ROBERT L. BROWN, Justice.

The issue in this case is whether the appellee, Arkansas Game & Fish Commission (AGFC), can cancel a hunting season after it has already been approved. Because we conclude that Clark's notice of appeal did not substantially comply with Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil (2010), we dismiss the appeal.

On March 26, 2009, AGFC amended AGFC Codes 02.04 and 23.01, thereby approving a Fall Wild Turkey Archery/Crossbow Hunting Season in seventeen zones and a Fall Wild Turkey Firearm Hunting Season in four zones. The Archery/Crossbow season was scheduled to run from October 1, 2009, through February 28, 2010. The Firearm season was scheduled to run from October 26, 2009, through November 1, 2009.

During AGFC's August 20, 2009 meeting, a proposal was made by a commissioner to close the Fall 2009 turkey hunting season statewide. On September 24, 2009, that proposal passed by a vote of four to three. After the vote, AGFC amended Code sections 02.04 and 23.01 to close wild turkey hunting in all zones throughout the state for the fall 2009 season.

On September 30, 2009, the appellant David Clark filed a complaint in the Circuit Court of Phillips County, claiming that the decision to close wild turkey season was ultra vires, in bad faith, and arbitrary and capricious. Clark also claimed that he had expended time and money in preparing to engage in turkey hunting. He requested an immediate temporary injunction directing AGFC not to implement the action taken on September 24, 2009, until a full hearing on the merits had been held.

In addition, Clark requested a final hearing for a permanent injunction directing AGFC "not to close the Fall 2009 archery and modern gun turkey season unless and until proper notice is given to the public and the public is afforded an opportunity to be heard." The complaint finally requested "[s]uch monetary damage as he [Clark] may prove at trial."

On September 30, 2009, AGFC moved to dismiss Clark's complaint for improper venue. An order granting that motion was entered, and the case was transferred to Pulaski County Circuit Court. On October 2, 2009, a hearing was held before the Pulaski County Circuit Court. Clark's request for a temporary injunction was denied by the circuit court. However, a hearing on the permanent injunction was scheduled. On November 25, 2009, Clark filed an amended complaint, which incorporated the allegations made in his first complaint.

On January 28, 2010, AGFC moved to dismiss the amended complaint and asserted the defenses of sovereign immunity, lack of subject-matter jurisdiction, and failure to state facts upon which relief can be granted. On February 19, 2010, the circuit judge entered an order dismissing Clark's claim for a refund or a reimbursement of license fees without prejudice. The circuit judge, however, denied AGFC's motion to dismiss Clark's claims for injunctive relief, finding that, if proven, the claims would fall within a recognized exception to the sovereign-immunity doctrine. On the same date, the circuit judge denied Clark's motion for reconsideration of his request for a temporary injunction.

On April 19, 2010, the circuit court granted AGFC's motion to dismiss the amended complaint. The court first found that Clark's sole remaining claim was for a permanent injunction directing AGFC not

to close the fall 2009 and subsequent years' archery and modern gun turkey seasons. In regards to the fall 2009 season, the circuit court concluded that Clark's claim was moot because the dates for which the season would have been open had completely passed. Moreover, the circuit court found that the fall 2009 season was not a situation that was capable of repetition yet evading review. As to future seasons, the circuit court concluded that the issue was not ripe for review because AGFC had not made any decisions with respect to subsequent years' fall turkey hunting seasons. In conclusion, the circuit court dismissed all remaining claims in Clark's complaint and amended complaint as to the fall 2009 turkey season with prejudice and without prejudice as to turkey seasons in subsequent years.

Clark presents multiple points on appeal to this court, but we do not reach them because we conclude, as already stated, that Clark's appeal must be dismissed.

■ AGFC moves this court to dismiss Clark's appeal or, in the alternative, to strike portions of his brief on appeal. In its motion to dismiss, AGFC claims that Clark failed to contact and pay court reporters as he represented in his notice of appeal, failed to file a complete record with this court, and supported arguments in his brief with documents that were never made a part of the record below. Because Clark's notice of appeal does not substantially comply with the requirements of Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil, we dismiss his appeal.

AGFC first claims that Clark's notice of appeal is deficient because it contains statements that are untrue. Specifically, AGFC emphasizes the following language in the notice of appeal filed by Clark's attorney, David Carruth:

David Sheffield Clark has contacted Mrs. Kim Hardin, Ms. Amber Speer and Ms. Amanda Poe, the certified court reporters in this matter for the purpose of ordering the transcript herein and the record has been ordered from the Circuit Clerk. As to both the court reporter and the Clerk of this Court, David Sheffield Clark has communicated with both regarding the necessary financial arrangements to be made with each pursuant to A.C.A. § 16–13–510(c).

Rule 3(e) requires that such language be included in the notice of appeal. Although AGFC concedes that Rule 3(e) only requires substantial compliance with the rule, it argues that Clark's attorney failed to order the transcript and failed to communicate with the court reporters about making the necessary financial arrangements. Accordingly, we examine the history of this case relating to the record.

Clark's notice of appeal was filed on May 18, 2010, and also on that date, Mr. Carruth left a voice message to one of the court reporters, Kim Hardin, that he wanted the transcript. A handwritten note, dated May 18, 2010, listing the dates of certain proceedings relating to this case, the case style, and the contact information for Mr. Carruth was left in Ms. Hardin's box at the courthouse. Ms. Hardin requested a deposit of $1000 before she would begin work. Despite repeated efforts to contact Clark's attorney by the court reporters, nothing more was done by Clark to arrange payment for the transcripts until July 28, 2010, when Ms. Hardin received a $1000 deposit for the transcript. The day before, on July 27, 2010, Clark's attorney moved for an extension of time to file the record. In that motion, he said, "... he contacted the court reporter and made the necessary arrangements as required by Rule 6(b) of the Arkansas Rules of Appellate Procedure–Civil. Part of the transcript has been prepared but

other parts are still being transcribed." The circuit court granted the extension by order entered on August 16, 2010.

AGFC points to the affidavits of the three court reporters, Linda Whitefield, Amanda Poe, and Kim Hardin, to support its argument that Clark's attorney failed to comply substantially with Rule 3. Linda Whitefield, who reported the hearing in Phillips County Circuit Court on AGFC's motion to dismiss for improper venue, avers that Clark's attorney never contacted her to order the transcript from that hearing. Her affidavit was executed on February 2, 2011. To date, no record of the hearing dismissing Clark's original complaint has been filed as part of the record before this court. Amanda Poe, who reported the October 2, 2009 hearing in Pulaski County Circuit Court in which Clark's motion for a temporary injunction was denied, filed an affidavit on August 16, 2010, in which she asserted that she had called and left messages with Clark's counsel on June 21, 22, 23, and 28, 2010. At the time her affidavit was filed, no one had contacted her to order the transcript or to make the necessary financial arrangements. Ms. Poe also attached a copy of the transcript from the October 2, 2010 hearing to her filed affidavit.

Finally, there is the affidavit of Kim Hardin, the official court reporter for this case, where she avers that although Clark's attorney contacted her regarding transcripts for the appeal by voice message on May 18, 2010, he did not make the necessary financial arrangements with her until July 28, 2010, when she received the $1000 requested deposit. This was after he filed a motion for extension of time to file the record on July 27, 2010, claiming that the court reporter needed more time to prepare the transcript in this case. Ms. Hardin opined in her affidavit that she would have been able to complete the transcript before the time for lodging the record expired if Clark's attorney had paid her near the time the notice of appeal was filed.

Clark responds that he was not required to notify each individual court reporter to request a transcript because he contacted Ms. Hardin, the official court reporter for his case, and she was responsible for those working under her. He points, additionally, to Ms. Hardin's statement that his attorney left a message for her on May 18, 2010, the day the notice of appeal was filed saying he wanted the transcript. In addition, counsel left the aforementioned handwritten note in Ms. Hardin's courthouse mailbox, dated May 18, 2010, with the style of the case, the case number, several hearing dates, and counsel's mailing address and phone number. Ms. Hardin's affidavit states that she left Clark's attorney phone messages on "multiple occasions" that he would need to pay a $1000 deposit before she could begin work. According to Clark, this evidences the fact that the necessary financial arrangements were made with the court reporter, but "just not in the time she would have preferred."

As legal support for its motion to dismiss, AGFC cites this court to our case of *Eggestein v. Eggestein*, 2009 Ark. 262, 308 S.W.3d 144 (per curiam), where this court refused to grant a petition for writ of certiorari to allow a petitioner to complete the record and granted, instead, the opposing party's motion to dismiss the appeal. *Eggestein* involved an appeal from a divorce decree by the husband. Mr. Eggestein had filed a timely notice of appeal and asserted in that notice that the transcript and record had been ordered from the court reporter. In addition, he certified that he had "made financial arrangements required by the court reporter." Two days before the record was due to be

lodged with this court, Mr. Eggestein moved for an extension of time to file the record. The circuit court granted Mr. Eggestein's motion, which extended the time until April 15, 2009.

On April 14, 2009, Mr. Eggestein filed a petition for writ of certiorari to complete the record in which he stated that he had been informed by the court reporter that she would not be able to complete the record on time. Mrs. Eggestein filed a response to this petition and included an affidavit from the court reporter which detailed how Mr. Eggestein's counsel had failed to notify her that the transcript was needed for the appeal and had failed to make any financial arrangements with her until after the trial court granted the extension. Thus, this court was faced with a situation where, although the notice of appeal contained the required statements, the affidavit of the court reporter was proof that counsel failed to follow through on those statements with the necessary actions.

This court first recognized in *Eggestein* that Rule 3 only requires substantial compliance, but we observed that "there is no substantial compliance when the transcript is not actually ordered or when the notice of appeal declares that the transcript has been ordered when, in fact, it has not been." *Id.* at 4, 308 S.W.3d at 146. This court held that the failure to lodge the record was due to the dilatory actions of Mr. Eggestein's counsel and, because of this, we denied the petition. We referred counsel to the Supreme Court Committee on Professional Conduct, and the appeal was dismissed because no record had been lodged.

The facts of *Eggestein* are somewhat different from those in the instant case. For example, arguably Clark's attorney ordered the transcript by leaving a voice message with Kim Hardin on May 18,

2010. But even so, there is no doubt that Clark's counsel had not made financial arrangements with the court reporter at the time he filed the notice of appeal on May 18, 2010, though he said he had. Financial arrangements were not made, in fact, until the $1000 deposit was tendered to Ms. Hardin on July 28, 2010, more than two months after the notice of appeal was first filed and one day after he filed his motion for extension of time to file the record on July 27, 2010.

Motions for extension of time to file the record must comply with Rule 5 of the Arkansas Rules of Appellate Procedure–Civil. Under Rule 5, the circuit court may grant an extension of time for filing the record only if "[t]he appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter *and made any financial arrangements required for its preparation.*" Ark. R.App. P.-Civ. 5(b)(1)(D) (2010) (emphasis added). Rule 6(b) of the Arkansas Rules of Appellate Procedure–Civil provides that the financial arrangements required by the court reporter must be made "on or before filing the notice of appeal." Ark. R.App. P.-Civ. 6(b). According to the affidavit of Kim Hardin, the financial arrangements, which Clark was required to make on or before filing his notice of appeal, were not made because Clark did not pay the requested $1000 deposit until July 28, 2010. It was payment of the deposit that would enable her to commence work. A period of over sixty days passed between Clark's filing of the notice of appeal and the motion for extension of time. In both of these filings Clark's counsel represented to the circuit court that the financial arrangements required by the court reporter had been made when, in fact, nothing of the sort had been done. The fact that Ms. Hardin requested a $1000 deposit before she would

begin transcription does not evidence the fact that financial arrangements were made, especially when Clark did not satisfy the request until more than two months later and after he moved for an extension of time to file the record.

 As this court recognized in *Eggestein*, the purpose behind the appellate rules is to expedite appeals and not to delay them. *See also DeViney v. State*, 299 Ark. 471, 772 S.W.2d 607 (1989). The onus was on Clark, and his attorney, to make the necessary financial arrangements with the court reporter on or before filing the notice of appeal, which he stated he had done when he filed his notice of appeal on May 18, 2010, and again when he filed his motion for extension of time on July 27, 2010. But this had not been done. We consider it disingenuous to represent to this court that counsel had, in fact, made the necessary financial arrangements with the court reporter merely because he had requested a transcript. In short, he never bothered to make any type of payment including the requested down payment, which he knew was required before Ms. Hardin would begin working on the transcript, until after he filed his motion for extension of time.

There can be no compliance with Rule 3(e) when the notice of appeal declares that the necessary financial arrangements have been made when, in reality, they have not been. This is comparable to the lapse in *Eggestein*, though that case involved the failure to order the transcript. We, therefore, grant AGFC's motion to dismiss because Mr. Carruth, as counsel for Clark, failed to make the necessary financial arrangements with the court reporter as represented in his notice of appeal until more than two months later after he had filed a motion for extension of time.

A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Dismissed.