SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CV–15–842

| | |
|---|---|
| CITY OF LITTLE ROCK<br>APPELLANT | **Opinion Delivered** December 3, 2015 |
| V. | MOTION TO DISMISS APPEAL |
| HERMITAGE DEVELOPMENT<br>CORPORATION ET AL.<br>APPELLEES | MOTION GRANTED; APPEAL DISMISSED. |

### PER CURIAM

Appellees have filed a motion to dismiss the appeal by the City of Little Rock in this suit for just compensation for the taking of appellees' property in connection with the modification of the I430/I630 Interchange. In the present motion, appellees challenge the circuit court's grant of an extension of time to file the record pursuant to Rule 5 of the Arkansas Rules of Appellate Procedure–Civil (2015). We find merit in their argument and dismiss the City's appeal.

After a jury trial, a judgment in favor of appellees was entered by the Pulaski County Circuit Court on May 19, 2015; the City filed its notice of appeal on June 12, 2015; and the City filed an amended notice of appeal on September 1, 2015. Also on September 1, 2015, the City filed a motion for extension of time to lodge the record, contending that "[t]he deadline to lodge the record is September 10, 2015, but due to the length of the record, the

schedule of the court reporter, among other things, the record will not be ready by the current deadline."

On September 9, 2015, the circuit court held a telephone conference and denied the motion for extension. In its written order, the court found that the motion was defective in that it did not allege that the City had timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation. In addition, the court found that a check had not been tendered to the circuit court's official court reporter as required by Arkansas Code Annotated section 16–13–510(c) (Repl. 2010)[1] and that the City had not made financial arrangements with the court reporter. The affidavit of the court reporter was attached to the order and incorporated therein. The court reporter, Denise Mack, averred that she had sent an invoice for $1500 to a deputy city attorney on July 1, 2015, and recounted her communications with various people in the city attorney's office regarding processing her invoice. As of the date of the affidavit, September 9, 2015, Mack had not received a check for the deposit. In response to the City's motion, Mack stated, "[My schedule] was not prohibitive and I began preparing the record prior to receiving the deposit in order to meet the deadline. My schedule and the length of the record have not prevented me from preparing the transcript and record and I have not

---

[1]That subsection provides: "The court reporter's duty to transcribe and certify the record may be conditioned upon the payment, when requested by the court reporter, of up to fifty percent (50%) of the estimated cost of the transcript."

SLIP OPINION

indicated as such." She also stated that on August 25 she had received payment for a transcript in another case that had been billed to the City of Little Rock.

The City filed a "second emergency motion for extension of time to lodge the record and motion to shorten response time" the following day, September 10, 2015, and the matter was taken up before a special judge. Despite appellees' arguments in opposition, the court granted an extension until November 10, 2015, to lodge the record. Pertinent to the issues presented in the motion to dismiss, the circuit court found in its written order that the transcripts had been ordered from the court reporter, Ms. Mack; that financial arrangements had previously been made pursuant to Ark. Code Ann. § 16-13-510(c); that the requested extension was necessary in order for the court reporter to receive payment and complete the stenographically reported material in the record on appeal; and that the deposit of $1500 had been remitted to Ms. Mack.

Appellees have now filed this amended and substituted motion to dismiss, arguing that the circuit court erred in granting the extension of time because the requirements of Arkansas Rule of Appellate Procedure–Civ. 5 had not been strictly complied with. Rule 5 provides in pertinent part:

b) *Extension of time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

> (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and *made any financial arrangements required for its preparation*; *and*

(E) *An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal* or for the circuit clerk to compile the record.

(Emphasis added.)   In the present motion, appellees challenge the circuit court's findings regarding subsections (D) and (E).

The timely lodging of the record from the proceeding appealed has been deemed a jurisdictional requirement to perfecting an appeal. *Seay v. Wildlife Farms, Inc.*, 342 Ark. 503, 509, 29 S.W.3d 711, 715 (2000).  This court has held that it expects strict compliance with the requirements of Rule 5(b) and that it does not view the granting of an extension as a mere formality. *In re Estate of Hicks*, 2009 Ark. 405, 2, 370 S.W.3d 161, 163.  The purpose behind the appellate rules is to expedite appeals and not to delay them. *See Clark v. Ark. Game & Fish Comm'n*, 2011 Ark. 279, at 9, 383 S.W.3d 362, 367.

In *Clark*, this court stated, "Financial arrangements were not made, in fact, until the $1000 deposit was tendered to Ms. Hardin on July 28, 2010, more than two months after the notice of appeal was first filed and one day after he filed his motion for extension of time to file the record on July 27, 2010." 2011 Ark. 279, at 8, 383 S.W.3d at 366.  This court granted the motion to dismiss the appeal.  The language in *Clark* makes it clear that making

"any financial arrangements required" means actually making the payment required for the preparation of the transcript, not merely making promises to pay or even diligent efforts to pay.

The City cites *DeViney v. State*, 299 Ark. 471, 472, 772 S.W.2d 607, 608 (1989), for the proposition that extensions of time to lodge the record on appeal are matters within the discretion of the trial court and argues that the trial court did not abuse its discretion in this case because it had been making diligent efforts to pay the court reporter before its motions for extension of time were filed. In the City's view, making the necessary financial arrangements does not require that payment actually be made—only diligent efforts at payment—and the requirement that the extension be necessary to complete the transcript is satisfied in this case because the court reporter could not complete the transcript until she had been paid. We disagree. As noted above, the record clearly shows that the City failed to make the financial arrangements necessary for the court reporter to prepare the stenographically recorded material; it is undisputed that the City did not remit the required deposit until the very last day that an extension could be granted under Rule 5. Furthermore, it would make little sense to hold that an extension was *necessary* for the court reporter to include the stenographically reported material in the record when the City was at fault in creating the necessity by failing to pay the court reporter the required deposit. Accordingly, we hold that the City failed to strictly comply with Rule 5 and that the circuit court erred in granting the motion for extension of time to file the record.

We note that the appellees in the present case filed a notice of appeal from the order granting the extension, and that appeal has been docketed under case number CV–15–910. That appeal is rendered moot by our decision today and is hereby dismissed.

Motion granted; appeal dismissed.

HART, J., would deny.

*Thomas M. Carpenter*, by: *Latonya Laird Austin*, Deputy City Attorney, Office of the City Attorney, for appellant.

*Quattlebaum, Grooms & Tull, PLLC*, by: *Michael N. Shannon* and *R. Ryan Younger*, for appellees.