**In re Raymond J. RYAN and Helen Ryan, U.S. Tax Court No. 4800–69.**

**No. 74–1906.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 28, 1975.

Decided June 28, 1976.

Rehearing Denied July 30, 1976.

---

Nathan Lewin, Washington, D. C., with whom Raymond G. Larroca, Washington, D. C., was on the brief for appellants. Herbert J. Miller, Washington, D. C., also entered an appearance for appellants.

Charles E. Brookhart, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee. Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., were on the brief for appellee.

Before BAZELON, Chief Judge, HASTIE,* Senior Circuit Judge for the Third Circuit and ROBB, Circuit Judge.

Senior Circuit Judge HASTIE participated in the consideration of this case but died before opinion was entered.

Opinion for the Court filed by Circuit Judge ROBB.

ROBB, Circuit Judge:

On August 8, 1974 pursuant to 18 U.S.C. §§ 6002 and 6003 the United States District Court for the District of Columbia entered an order directing the appellants to "give testimony or provide other information and produce documents which they refuse to give or to provide on the basis of their privilege against self-incrimination as to all matters about which they may be interrogated before the United States Tax Court." The Ryans challenge that order.

On January 18, 1974, pursuant to Rule 71 of the Tax Court Rules of Practice and Procedure, the Commissioner of Internal Revenue served upon the Ryans written interrogatories and a request for production of documents. The interrogatories and requested documents concerned certain business transactions relevant to deficiency determinations awaiting adjudication in the Tax Court. The Ryans objected to the interrogatories, upon the ground among others that the information and documents re-

quested were irrelevant and that compulsory disclosure would violate the Ryans' privilege against self-incrimination. After a hearing the Tax Court ordered the Ryans to answer, and thereafter a motion for reconsideration was denied. The Ryans appealed from that order to the Circuit Court of Appeals for the Seventh Circuit; they also filed with that court a petition for a writ of mandamus directing the chief judge of the Tax Court to vacate the disclosure order.[1]

On August 8, 1974, while the mandamus proceeding in the Seventh Circuit was pending, the United States Attorney for the District of Columbia requested the United States District Court for that district to enter an order directing the Ryans to give testimony or provide other information which they had previously refused to give on the basis of their privilege against self-incrimination. The United States Attorney acted pursuant to 18 U.S.C. § 6003 and Department of Justice regulations, and at the request of the assistant attorneys general in charge of the criminal division and the tax division of the Department of Justice. On the same day, August 8, 1974, the district judge acting *ex parte* entered the order which the Ryans challenge on this appeal. The order granted them use immunity with respect to testimony, information or documents which might be produced before the Tax Court in the action pending there, and directed the Ryans to comply with the request for information. Pursuant to 18 U.S.C. § 6002 the order was forwarded to the Tax Court and was communicated to the Ryans' counsel by Judge Drennen of that court on August 9, 1974.

The Ryans attack the District Court's order on several procedural grounds but we think it unnecessary to reach the issues thus raised. In our opinion the order is not a final order, appealable under 28 U.S.C. § 1291.

The Ryans argue that

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. The present case is but one phase of the controversy between the Ryans and the Commissioner of Internal Revenue. *See United*

States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *Ryan v. Commissioner of Internal Revenue,* 517 F.2d 13 (7th Cir.), *cert. denied,* 423 U.S. 892, 96 S.Ct. 190, 46 L.Ed.2d 124 (1975).

[t]he proceeding to obtain that [immunity] order is a separate action, and there will be no other and later opportunity for this Court to review it—just as there would be no such opportunity if the court's jurisdiction had been invoked to secure compliance with an administrative subpoena. Accordingly, review by this Court is warranted now. [Appellants' Br. p. 12.]

*See Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). We think however that the order is essentially one compelling testimony and the production of documents before a court of the United States—the Tax Court [2]—in exchange for immunity. The order therefore stands on the same footing as any other order compelling testimony and the production of documents; and the Supreme Court has consistently held that such orders are not final and hence not appealable. *United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *Alexander v. United States,* 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906). As were the witnesses in those cases the Ryans are entitled to refuse to comply and in the event contempt proceedings are brought against them they may then litigate the validity of the immunity order. Those proceedings may be instituted in the Tax Court pursuant to 26 U.S.C. § 7456(d)(3) with review in this court under 26 U.S.C. § 7482. A contempt judgment in the District Court, if proceedings were instituted there, would of course be appealable under 28 U.S.C. § 1291.

As the Supreme Court observed in *Alexander v. United States,* 201 U.S. 117, 121, 26 S.Ct. 356, 358, 50 L.Ed. 686:

In a certain sense finality can be asserted of the orders under review; so, in a certain sense, finality can be asserted of any order of a court. And such an order may coerce a witness, leaving to him no alternative but to obey or be punished. It may have the effect and the same characteristic of finality as the orders under review, but from such a ruling it will not be contended there is an appeal. Let the court go farther, and punish the witness for contempt of its order—then arrives a right of review, and this is adequate for his protection without unduly impeding the progress of the case.

The appeal is dismissed for lack of jurisdiction.

*So ordered.*

---

**2.** A proceeding in the Tax Court is a proceeding before a "court of the United States" in which the immunity statute may be invoked. 18 U.S.C. § 6001(4).