IN RE: Reinstatement of Royce L. LEWIS to the Bar of Arkansas

91-113                                      826 S.W.2d 264

Supreme Court of Arkansas
Opinion delivered March 9, 1992

*William L. Wharton*; and *Herrod, McGough & Herrod*, by: *Phillip A. McGough*, for petitioner.

*Basil V. Hicks, Jr.*, for respondent State Board of Law Examiners.

PER CURIAM. Royce Leroy Lewis was admitted to the Bar of Arkansas in 1984. He did not pay his Supreme Court license fee for the years 1986, 1987, 1988, 1989, 1990, and 1991. *See* Rule 12 of the Rules of Professional Conduct. Failure to timely pay the annual license fee automatically suspends the delinquent member of the Bar. Rule 14 of the Rules of Professional Conduct. When the delinquency is for no more than three years, reinstatement to the Bar may be had by the payment of delinquent dues and penalty. Rule 14(A). However, after three years, all applications for reinstatement are referred to the State Board of Law Examiners for investigation and recommendation to this court. In addition, in appropriate circumstances the applicant may be required to again take the bar examination.

After the applicant had failed to pay his license fee for six years, he applied for reinstatement. The State Board of Law Examiners investigated the matter, filed its report, and made its recommendation to this court. *See* Rule XIII of the Rules Governing Admission to the Bar. The Board, by a vote of 6 to 4 with one abstention, recommended that the applicant be reinstated. We have examined the record, have considered the split-vote recommendation, and have concluded that the applicant should not be reinstated.

A member of the Bar is charged with the knowledge that failure to pay the Supreme Court license fee will result in his suspension. In addition, two judges, the Honorables Joyce Warren and Annabelle Clinton Imber, informed the applicant that his license was suspended and he could not practice law. Their actions were eminently correct. Rule 14(A) Rules of Professional conduct. Judge Warren twice informed the petitioner, the second time being on July 23, 1990, that he could not practice in her court until he obtained a statement from the Clerk of the Supreme Court that he had been reinstated. On the first occasion he stated that he was surprised, and the second time he stated that he would take care of it. On February 12, 1991, Judge Imber wrote to the applicant and, in part, stated:

> With reference to the captioned cases, you have appeared as attorney of record for one of the parties in each of these cases. The court has received information from Leslie W. Steen, Office of the Clerk, Supreme Court of Arkansas, that you are no longer licensed to practice law in Arkansas.

On November 6, 1990, in Pulaski County Chancery Court case of *Pat Lewis* v. *Asa A. Lewis*, the applicant asked for attorney's fees and costs in the amount of $5,000.00 and certified, "That I am a practicing attorney licensed to practice in the State of Arkansas." It is undisputed that the applicant practiced law, at the least on a limited basis, during the period of his suspension. In his application for reinstatement the applicant stated under oath that he "terminated practice in 1987. . . ."

■ In summary, the applicant was suspended from the Bar but continued to practice law. Then, in seeking reinstatement, he stated under oath that he "terminated practice in 1987. . . ." In the hearing of this matter before the Board of Law Examiners, the applicant's attorneys admitted that he had violated the rules but contended, in mitigation, that he was under "extreme emotional and financial pressures." We are not persuaded by the argument, and in addition, such argument does not explain the false swearing. The petition for reinstatement will be denied.