IN THE MATTER OF SUBPOENA OF James BADAMI

91-259                                        831 S.W.2d 905

Supreme Court of Arkansas
Opinion delivered June 1, 1992

*Winston Bryant*, Att'y Gen., by: *Sarah H. Harberg*, Asst. Att'y Gen., for appellant.

*Mark Stodola*, Prosecuting Att'y, by: *Jack D. Ruple*, Deputy Prosecuting Att'y, for appellee.

ROBERT L. BROWN, Justice. James Badami, executive director of the Arkansas Judicial Discipline and Disability Commission, was served with a *subpoena duces tecum* from the Prosecuting Attorney for the Sixth Judicial District on February 1, 1991. The subpoena was issued after an allegation was made to the prosecutor that a person at an official proceeding of the Commission committed perjury, a class C felony. Ark. Code Ann. § 5-53-102 (1987). The subpoena directed Badami to deliver a transcript of the sworn testimony to the prosecutor.

On February 11, 1991, Badami responded to the subpoena with a motion for a protective order pursuant to Ark. R. Civ. P. 26(c) and Ark. R. Crim. P. 19.4 and prayed that the subpoena be quashed. The motion was heard on March 29, 1991. At the hearing, Badami argued that the subpoena violated the confidentiality required of commission proceedings by both the General Assembly and Supreme Court Rules. *See* Ark. Const. Amend. 66; Ark. Code Ann. § 16-10-404(b)(1) (supp. 1991); *In the Matter of Rules 7 and 9 of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission*, 302 Ark. 633, 790 S.W.2d 143 (1990). The prosecuting attorney countered that under Amendment 21 of the Arkansas Constitution and subsequent implementing legislation, he had the duty to investigate the alleged crime of perjury, using the subpoena power as an investigative tool. *See* Ark. Code Ann. § 16-43-212

(1987).

On June 6, 1991, the circuit court concluded that the prosecuting attorney's argument was persuasive and denied Badami's motion for a protective order. The court stayed its order pending an appeal to this court.

■■ An order denying a protective order to quash a subpoena is not a final order for appeal purposes. *See* Ark. R. App. P. 2(a) (1992). Specifically, it is not a final judgment or order under Rule 2(a)(1); nor is it an order under Rule 2(a)(2) which determines the "action." Serving a *subpoena duces tecum* on Badami did not constitute an action as the term is defined in legal practice. An "action" may be a civil complaint or a criminal prosecution and is defined as "a lawsuit brought in a court; a formal complaint within the jurisdiction of a court of law." *Black's Law Dictionary*, 6th ed., 28 (1990).

Moreover, because the circuit court's order was stayed, this court does not know whether Badami will comply with the order, should it be affirmed, or not. In the event of affirmance, Badami could well refuse to release the transcript which could lead to a contempt citation and engender still another appeal to this court. The threat of multiple appeals is precisely what Rule 2 intends to avoid.

■ Though the parties to this appeal did not raise or argue the nonappealable order issue, the question of a final order is jurisdictional, and this court has a duty to raise the matter whether the parties do or not. *Widmer* v. *Tonkey*, 297 Ark. 85, 759 S.W.2d 562 (1988); *Roy* v. *International Multifoods Corp.*, 268 Ark. 958, 597 S.W.2d 129 (1980).

Because the order is not final, this court lacks jurisdiction to hear the appeal, and we dismiss it.

Appeal dismissed.