CENTRAL EMERGENCY MEDICAL SERVICES, INC. *v.*
STATE of Arkansas

97-811                                        966 S.W.2d 257

Supreme Court of Arkansas
Opinion delivered April 16, 1998
[Petition for rehearing denied May 21, 1998.]

*Davis, Cox & Wright, PLC,* by: *William Jackson Butt, II* and
*David L. McCune,* for appellant.

No response.

ANNABELLE CLINTON IMBER, Justice. The appellant appeals
from an order finding it in contempt of court for failing to deliver
certain documents in its possession in response to a prosecutorial
subpoena. We dismiss the appeal as moot because the record
demonstrates that the appellant purged its contempt.

On November 19, 1996, an information was filed in Wash-
ington County Circuit Court charging Duane Allan Faulkenbury
with attempted murder, later amended to a charge of first-degree

battery. The record then shows that the prosecutor served the appellant, Central Emergency Medical Services, Inc., an emergency medical care and transportation provider, with two subpoenas duces tecum ordering CEMS's keeper of records to produce all of its records pertaining to Robert French. Although it is not clear from the record, it appears that French was Faulkenbury's victim. CEMS had rendered professional services to French.

CEMS filed a Motion to Quash Subpoena Duces Tecum. In its motion CEMS claimed both French's right of privacy in medical records generated by it with respect to his medical care, as well as French's physician-patient privilege under Ark. R. Evid. 503. Following a hearing on February 18, 1997, the trial court found that the State was entitled to the information with the understanding that it would not be disseminated to the public. From the bench, the trial court ordered CEMS to produce the information, and announced that it would "issue a standing protective order that if [counsel] can agree on the language of that order which basically provides that in this case and any cases in the future, that [CEMS] is obligated to produce that information to the State, the Prosecuting Attorney in this circuit, and the State is ordered not to disseminate it to the public in any form or fashion pending further orders of the Court." Counsel for both parties responded that this arrangement was agreeable.

On March 3, 1997, the trial court entered an order of contempt for CEMS's failure to comply with its bench ruling of February 18, 1997. The trial court announced that CEMS could purge its contempt finding by presenting the records to the court no later than February 25, 1997. The order concludes with the following language, "Should CEMS fail to deliver these documents to this Court by said time and date, a fine shall be imposed upon CEMS in the amount of $100.00." The next day, CEMS filed its notice of appeal from the March 3 contempt order. A letter from counsel for CEMS, dated March 12, 1997, to the Clerk of the Washington County Circuit Court enclosed a check in the amount of $100 for the fine imposed by the trial court's March 3 contempt order.

While this is an appeal from a contempt order, the essence of CEMS's brief (the State has failed to file a brief in response) is that the trial court erred in declining to find that its medical records

pertaining to French were privileged under the physician-patient privilege found at Ark. R. Evid. 503. Specifically, CEMS contends that a paramedic may be considered a "physician" as that term is used in Rule 503(a)(2). We are precluded from reaching this novel issue due to the mootness of CEMS's case.

■ We initially note that CEMS did not file it notice of appeal from the trial court's order denying its motion to quash, but instead from the contempt order. A order of contempt is a final, appealable order. *See Young v. Young*, 316 Ark. 456, 872 S.W.2d 856 (1994). In a case with a similar procedural history as the present case, *In re Subpoena of Badami*, 309 Ark. 511, 831 S.W.2d 905 (1992), we plainly held that an order denying a protective order to quash a subpoena was not a final, appealable order. In *Badami* this court expressed some concern as to the possibility of multiple appeals, given that the appellant there could have been found in contempt following an affirmance of the trial court's order denying the motion to quash, resulting in yet another appeal. There is no such problem in this case.

■ However, the record reflects that CEMS paid the fine which was imposed by the trial court for not producing the records. Given the manner in which the trial court couched its order, CEMS had two choices — either deliver the records to the prosecutor or be found in contempt resulting in the imposition of a fine. CEMS chose the latter option, paid the fine, and in doing so purged its contempt. Once CEMS purged its contempt, it rendered the propriety of the contempt order moot. *See Minge v. Minge*, 226 Ark. 262, 289 S.W.2d 189 (1956) ("Appellant purged himself of the contempt by paying the delinquent support money, and was released from jail; hence, the question of whether the court erred in holding him in contempt is moot."). Given that the case is moot, the appellant asks us for an advisory opinion. This court does not render advisory opinions. *See Johnson v. State*, 319 Ark. 3, 888 S.W.2d 661 (1994). Accordingly, we dismiss the appeal. In doing so, we note that the issue presented in this appeal does not appear to be one that is likely to evade our review in the future.

Appeal dismissed.