Joe THELMAN *v.* STATE of Arkansas

CR 08-444 289 S.W.3d 76

Supreme Court of Arkansas
Opinion delivered November 13, 2008

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

ELANA CUNNINGHAM WILLS, Justice. Appellant Joe Thelman has attempted to appeal an order of the Phillips County Circuit Court by which he was granted immunity and ordered to testify in the ongoing criminal trial of Edward Joshaway. We hold that the order granting immunity is not a final, appealable order, and we dismiss his appeal.

The State of Arkansas charged Joshaway with theft in May of 2006. The grand jury indictment alleged that Joshaway and appellant Joe Thelman participated in taking money from the Helena-West Helena School District by deception. A second grand jury indictment charged Joshaway with conspiracy to commit theft, by conspiring with Thelman to create false invoices to be submitted to the Helena-West Helena School District.

The cases against Joshaway and Thelman were originally consolidated for trial. However, Thelman and another co-defendant, Bobby Jones, later moved for a severance from Joshaway. That motion was granted, and Thelman and Jones were subsequently tried and found not guilty. After those not guilty verdicts, the State proceeded to try Joshaway alone.

As part of its prosecution, the State named Thelman as a key witness against Joshaway.[1] The prosecutor, Fletcher Long, sent a letter and accompanying subpoena to Thelman on February 25, 2008, informing him that he would be required to appear and testify in the Joshaway trial. Thelman replied, informing Long that

---

[1] At the hearing on the State's petition to grant immunity, the prosecutor informed the court that he would have to dismiss the charges against Joshaway if Thelman refused to testify.

he would not testify and would invoke his Fifth Amendment privilege against self-incrimination. Long then filed a petition for grant of use immunity pursuant to Ark. Code Ann. § 16-43-603 (Repl. 1999) and Ark. Code Ann. § 16-43-604 (Repl. 1999), asking the circuit court to enter an order affording Thelman immunity from the use of his truthful testimony against him in any future proceeding that might be brought against him.

The circuit court entered such an order on March 10, 2008, granting Thelman use immunity and directing him to "testify fully and completely in this cause of action and responsively to any questions [that] he may be asked by the Prosecuting Attorney or defense counsel." The court's order cautioned Thelman that his "refusal to testify in accordance with this order constitutes a Class B misdemeanor and that he may be imprisoned or fined for his failure to so testify."

In a hearing held the same day, Thelman informed the court that, despite the granting of immunity, he would not testify in the Joshaway trial. The circuit court then stated from the bench that it was holding him in contempt of court and ordered him confined in the Phillips County jail until he filed a notice of appeal. Thelman immediately filed his notice of appeal, stating his intent to appeal "from the ruling issued by [the circuit] court regarding [the] grant of use immunity." On appeal, he argues that the circuit court erred in holding him in contempt for refusing to comply with the court's order compelling his testimony.

Before we can consider the merits of Thelman's argument on appeal, however, we must address an issue raised by the State in its response to Thelman's jurisdictional statement. The State contends that Thelman has attempted to appeal from an order that is not final and appealable — the order granting him use immunity — and thus this court lacks jurisdiction to consider Thelman's appeal under Ark. R. App. P.–Civ. 2(a)(1). We agree.

As just noted, Thelman's sole point on appeal is that the circuit court erred in holding him in contempt for refusing to testify after he invoked his Fifth Amendment right against self-incrimination. An order of contempt is a final, appealable order. See, e.g., Cent. Emergency Med. Servs., Inc. v. State, 332 Ark. 592, 966 S.W.2d 257 (1998); Young v. Young, 316 Ark. 456, 872 S.W.2d 856 (1994). However, Thelman's notice of appeal is not taken from a contempt order. Rather, as mentioned above, Thelman's notice of

appeal stated that he was appealing "from the ruling issued by [the circuit] court regarding [the] grant of use immunity."

■ Rule 3(e) of the Rules of Appellate Procedure provides that a notice of appeal shall, among other things, "designate the judgment, decree, order, or part thereof appealed from." Ark. R. App. P.–Civ. 3(e) (2008). A notice of appeal must therefore designate the judgment or order appealed from, and an order not mentioned in the notice of appeal is not properly before an appellate court. *See Wright v. State*, 359 Ark. 418, 198 S.W.3d 537 (2004) (citing *Ruffin v. State*, 64 Ark. App. 98, 983 S.W.2d 146 (1998)). In addition, our court of appeals has held that a notice of appeal must be "judged by what it recites and not what it was intended to recite." *Rawe v. Rawe*, 100 Ark. App. 90, 249 S.W.3d 162 (2007); *see also Ark. Dep't of Human Servs. v. Shipman*, 25 Ark. App. 247, 253, 756 S.W.2d 930, 933 (1988) (although it was "readily apparent" that Department of Human Services employees intended to appeal from their contempt conviction, that matter was not properly before the appellate court where the notice of appeal made no reference to the contempt order).

In this case, Thelman's notice of appeal recites that he is appealing the circuit court's order "regarding [the] grant of use immunity," not the court's decision to hold him in contempt. However, we have been unable to find any authority that would support a conclusion that an order compelling testimony in exchange for a grant of immunity is a final, appealable order. This court has held in an analogous context that an order denying a protective order to quash a prosecutor's subpoena is "not a final order for appeal purposes." *In re Badami*, 309 Ark. 511, 513, 831 S.W.2d 905, 906 (1992). There, we held that such an order "is not a final judgment or order under [Ark. R. App. P.–Civ.] 2(a)(1), nor is it an order under Rule 2(a)(2) which determines the 'action.' " *Id.* at 513, 831 S.W.2d at 906. In a subsequent case, *Central Emergency Medical Services v. State*, 332 Ark. 592, 966 S.W.2d 257 (1998), this court noted that there was no "final appealable order" problem where the subject of a prosecutor's subpoena duces tecum appealed from the *order holding it in contempt*, and not from the order denying its motion to quash the subpoena.

In a similar vein, over a century ago, the United States Supreme Court held that an order compelling testimony and the production of documents pursuant to a subpoena duces tecum was not appealable, even where the individual whose testimony was

being compelled asserted a claim of privilege under the Fifth Amendment. *See Alexander v. United States*, 201 U.S. 117 (1906). The Court reasoned that "such an order may coerce a witness, leaving him no alternative but to obey or be punished[,] . . . but from such a ruling it will not be contended there is an appeal." *Id.* at 121. Rather, the Court said, the court compelling the testimony should "go farther, and punish the witness for contempt of its order — then arrives a right of review; and this is adequate for his protection without unduly impeding the progress of the case." *Id.* It is only when the contempt power is exercised that the "matter becomes personal to the witness and a judgment as to him," and only then may an appeal be taken. *Id.* at 122; *see also Cobbledick v. United States*, 309 U.S. 323 (1940) (order denying a motion to quash a subpoena duces tecum and directing a witness to appear before a grand jury was not a final decision that could be appealed); *United States v. Ryan*, 402 U.S. 530 (1971) (order compelling the production of documents pursuant to a subpoena duces tecum was not an appealable order; concluding that the subject of the subpoena had another option: "he may refuse to comply and litigate those questions in the event that contempt or similar proceedings are brought against him").

Accordingly, applying this same reasoning, we hold that an order requiring testimony in exchange for a grant of use immunity is not a final appealable order. *See, e.g., In re Ryan*, 538 F.2d 435, 437 (D.C. Cir. 1976) (order compelling testimony and production of documents in exchange for immunity "stands on the same footing as any other order compelling testimony and the production of documents; and the Supreme Court has consistently held that such orders are not final and hence not appealable"). Had Thelman wished to appeal the circuit court's order holding him in contempt, he could have had the contempt order reduced to writing and entered by the court. *See Hewitt v. State*, 362 Ark. 369, 208 S.W.3d 185 (2005) (an oral order is not effective until entered of record); Ark. Sup. Ct. Admin. Order No. 2(b)(2) (a judgment, decree, or order is entered when file-stamped by the clerk).

It is the appellant's obligation to properly preserve an issue for review. *See Hewitt, supra* (holding that, where the defendant failed to obtain an order on the motion to withdraw his plea separate from the judgment entered on his guilty plea, he was left with no order to appeal); *Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000). As Thelman failed to have the circuit court reduce the contempt order to writing and enter it in accordance with Admin-

istrative Order No. 2, and as the order granting use immunity was not itself an appealable order, we conclude that Thelman's appeal must be dismissed.