DONALD L. CORBIN, Justice, dissenting. Recently, this court was publicly accused of being results oriented. Never has that been more evident than with today’s decisions. The arguments raised to us, in both length and intricacy, are a fine demonstration of what lawyers are best at doing— lawyering. But hair-splitting legal arguments and analysis are not necessary to resolve the issue here presented. Only plain language and ordinary meaning are necessary. If the language of a constitutional provision is plain and unambiguous, each word must be given its obvious and common meaning. Harris v. City of Little Rock, 344 Ark. 95, 40 S.W.3d 214 (2001). “Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a constitutional provision.” Id. at 99, 40 S.W.3d at 217 (quoting Daniel v. Jones, 332 Ark. 489, 499, 966 S.W.2d 226, 231 (1998)). Amendment 80 requires that a candidate for judicial office meet certain qualifications |nto be eligible to assume the bench. For purposes of the instant appeal, which involves an election for a circuit judgeship, the plain language of amendment 80 requires that a circuit judge must be a licensed attorney for six years immediately preceding the date he or she takes office. The purpose of such a qualification is to ensure that those elected to serve as judges are experienced and learned in the law. Those requirements have now been needlessly tossed aside. The majority opines that the plain language of the word “suspend,” as used in Rule YII(C), means that an attorney who has been suspended from the practice of law remains a licensed attorney, particularly when the word “suspend” is considered in light of the definitions found in the Procedures Regulating Professional Conduct.[1] It is obvious that the majority improperly goes beyond the plain language of amendment 80, section 16 to reach this result. Webster’s Third New International Dictionary defines “suspend” as “to debar or cause to withdraw temporarily from any privilege, office, or function; to cause to cease for a time; stop temporarily.” Webster’s Third New International Dictionary 2308 (2002). Clearly, when an attorney is suspended, his or her privilege to practice law temporarily ceases. In that regard I agree with the majority. But, the problem is that the majority totally fails to consider what it means to be suspended from the practice of law. I think the Honorable John Cole stated it best in Bailey v. Martin, 2014 Ark. 213, 433 S.W.3d 904, decided this same day, when hJie reasoned that “you don’t have a license if you don’t have the right to practice law.”[2] See, e.g., In re Lewis, 308 Ark. 610, 826 S.W.2d 264 (1992) (per curiam) (stating that failure to timely pay the annual license fee automatically suspends the delinquent member from the Bar); Widmer v. Widmer, 288 Ark. 381, 705 S.W.2d 878 (1986) (holding that an attorney who failed to pay his license fee performed services for his client “while his license was suspended” and thus was precluded from collecting his attorney’s fee). The majority fails to recognize that an attorney’s license grants that person the right to practice law, nothing more. If that right is taken away, even for a short period of time, that “license” is not worth the paper it is printed on. It is as simple as that. Unfortunately, simplicity and plain language do not allow for the majority’s desired result in this case. Because the majority has tortured the meaning of “suspend” in such an absurd way, a lawyer who is suspended, either administratively or for misconduct, may now qualify as a judicial candidate. It is even more ludicrous to conclude that an attorney may qualify as a judicial candidate, even though he or she is precluded from engaging in the practice of law; yet, that is the precise result of the majority’s holding. This court has long held that it will not engage in statutory interpretations that defy common sense and produce absurd results. E.g., Dep’t of Career Educ., Div. of Rehab. Seros, v. Means, 2013 Ark. 173, 426 S.W.3d 922. | ^Apparently, that is no longer the case. For these reasons, I dissent. . The Procedures specifically provide that they are applicable only in cases where an action has been instituted against an attorney and is within the purview of this court’s Committee on Professional Conduct and thus are wholly inapplicable to the instant case. . It is not lost on me that the judicial candidate in the instant case benefits the most from today’s ruling, as he has now earned the right to run uncontested despite the fact that his license was suspended, just as his opponent’s was; however, his opponent does not get to benefit from the absurdity of today’s rulings because she was removed from the ballot and failed to pursue more immediate relief from this court.