JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part. Because I conclude that it is unnecessary to reach the issue, I respectfully dissent from the majority’s holding that Rule VII(C) of the Rules Governing Admission to the Bar is unconstitutional. Judge H.G. Foster filed a third-party complaint against Leslie Steen, Clerk of the Arkansas Supreme Court, in which Foster asserted that he has a property right to his law license that cannot be taken from him without first affording him procedural due process. He | isfurther asserted that Rule YII(C), which provides that “[fjailure to pay the annual license fee ... shall automatically suspend the delinquent lawyer from the practice of law in Arkansas,” deprives him of due process because the Rule does not provide for notice and an opportunity to be heard and confront adverse witnesses before an impartial decision maker prior to the suspension. We have affirmed the circuit court’s decision that Judge Foster is an eligible candidate; thus, we need not decide the issue raised in this case. Had we concluded that Judge Foster was no longer licensed for Amendment 80 purposes, then it would have been incumbent upon this court to consider whether the automatic suspension deprived Judge Foster of due process. If we had then answered that question in the affirmative, as the majority has done, then that question would have resolved Judge Foster’s eligibility claim because Rule VII(C) would have been declared unconstitutional and Judge Foster would have remained licensed despite the unconstitutional, automatic suspension. However, we have held that Judge Foster is an eligible candidate; therefore it is not necessary to consider Judge Foster’s eligibility. If an issue can be resolved without reaching constitutional arguments, it is our duty to do so. Tornavacca v. State, 2012 Ark. 224, at 15, 408 S.W.3d 727, 737. The majority may be treating Judge Foster’s third-party complaint as an independent cause of action that must be addressed, even though we hold that Judge Foster is an eligible candidate. Here, however, the evidence indicates that Judge Foster accepted the consequences of the suspensions from the practice of law by paying the fines and penalties. Thus, the issue regarding the constitutionality of the rule is moot because Foster paid the annual license fee |14and the penalty. See Centr. Emergency Med. Sens., Inc. v. State, 332 Ark. 592, 966 S.W.2d 257 (1998) (dismissing an appeal from criminal contempt order as moot because the appellant paid the fine that the circuit court had imposed). As a general rule, the appellate courts of this state will not review issues that are moot because to do so would be to render an advisory opinion. Deer/Mt. Judea Sch. Dist. v. Kimbrell, 2013 Ark. 398, at 22, 430 S.W.3d 29, 45-46. A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. Id., 430 S.W.3d at 45. Because Judge Foster accepted the suspensions and paid the annual license fees and penalties, the question is moot. We have recognized two exceptions to the mootness doctrine: that the issue is capable of repetition, yet evading review; and that the issue raises considerations of substantial public interest which, if addressed, would prevent future litigation. Id., 430 S.W.3d at 45. These exceptions, however, do not apply here. In the future, an attorney who does not pay the annual license fee may litigate the automatic suspension without paying the license fee or the penalty. In those circumstances, the issue will be raised, and review will be appropriate. The case should be remanded for entry of a decree stating that the grounds upon which the circuit court relied for entering the declaratory judgment and injunction are moot. See City of Clinton v. S. Paramedic Sens., Inc., 2012 Ark. 88, at 11-12, 387 S.W.3d 137,142-43.