WOODY BASSETT, Special Justice, concurring. I concur with the majority opinion and reluctantly agree that the appeal of the appellant must be dismissed on the basis of mootness. Since our decision in this case, albeit correct, seems inconsistent with the results in the companion cases handed down today, some elaboration is in order. With no clear, or even identifiable, basis in the Arkansas Constitution or the statutory law of this state upon which to hang my hat, I could not dissent from the majority opinion |12but instead chose to concur for the sole purpose of explaining why I felt compelled to accept the basis for dismissal of the appeal. The unique circumstances of this case dictate a full explanation. For all the reasons set forth by the majority, there was simply and plainly no relief that could be granted to the appellant to restore her name to the ballot for the May 20, 2014 election. The question then arises whether there was any other viable and lawful remedy this court could have, or should have, fashioned to afford relief to the appellant. Given the reasoning of a majority of this court in the three companion cases, Kelly v. Martin, 2014 Ark. 217, 433 S.W.3d 896; Chandler v. Martin, 2014 Ark. 219, 433 S.W.3d 884; and Williams v. Martin, 2014 Ark. 210, 2014 WL 2695501, this was a question which needed to be addressed and answered because based on the decisions reached by a majority of this court in the companion cases, Valerie Bailey meets the requirements of section 16(B) of amendment 80 to the Arkansas Constitution and is eligible to be on the ballot as a candidate to stand for election to the office of circuit judge and to serve if elected. I gave due consideration to whether this court could provide relief to the appellant if it were to order that the May 20 election for the circuit judgeship, which the appellant filed to run for, be stayed or that the results of the election be declared null and void and that the election between the appellant and her opponent be held at the General Election on November 4, 2014. | tsBut in the final analysis, I concluded that taking such a course would create a genuine risk of unforeseeable or unintended consequences which might spring from such a precedent. Further, imposing such a remedy would likely trigger additional litigation in response to it and pushing the election to November would most certainly raise serious and substantial constitutional concerns rooted in the separation-of-powers doctrine. The court’s decision in this case may be viewed by the appellant and others as unfair or inconsistent with the outcomes of the three companion cases decided contemporaneously with this one. I understand and acknowledge that. But sometimes the law cannot provide a remedy to make something right, and this is one of those rare and unfortunate occasions. For these reasons, I respectfully concur.